

# In the Court of Criminal Appeals of Texas

Nos. WR-94,473-01 & WR-94,473-02

EX PARTE JOE ALBERT RAMON, SR.,

*Applicant*

On Applications for Writs of Habeas Corpus
Cause Nos. B-29,686-A & B-29,687-A in the 161st District Court
From Ector County

YEARY, J., filed a concurring opinion, in which SLAUGHTER, J., joined.

Applicant was convicted in 2002 of murder and attempted capital murder and sentenced to ninety-nine years' imprisonment for each cause, to run concurrently. The Eighth Court of Appeals affirmed his murder conviction in 2005. *Ramon v. State*, No. 08-03-0045-CR (Tex. App.—El Paso Mar. 17, 2005) (not designated for publication). Applicant

did not appeal his conviction for attempted capital murder. In December of 2022, Applicant filed two applications for writs of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his applications, he alleges ineffective assistance of counsel during punishment.

Today, the Court remands these applications to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's appeal was finalized when the court of appeals issued its mandate in September of 2006, but Applicant did not file these writ applications until sixteen years later.[1] The record is also silent regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided.

Consistent with this Court's precedent, the trial court "may *sua sponte* consider and determine whether laches should bar relief." *Smith*, 444 S.W.3d at 667. If the trial court does so, it must give Applicant the

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).

opportunity to explain the reasons for the delay and give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. *Id.* at 670. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.


**FILED:** February 1, 2023
**DO NOT PUBLISH**